UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of  06/10/06    . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| Case Title: | Union Home and Industrial, Inc. |
| Case Number: | 04-15755 |

## Document Information

| | |
|---|---|
| Description: | Memorandum Opinion and Order Granting in Part re: [97-1] Motion For new trial (reconsideration of) April 1, 2005, Order and Memorandum to the Honorable James S. Starzynski on Motion to Employ Counsel for debtor by Union Home and Industrial, Inc. . |
| Received on: | 2006-02-09 08:47:30.000 |
| Date Filed: | 2006-02-09 00:00:00.000 |
| Date Entered On Docket: | 2006-02-09 00:00:00.000 |

## Filer Information

| | |
|---|---|
| Submitted By: | James Burke |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
UNION HOME AND INDUSTRIAL,
    Debtor.                                    NO. 11-04-15755 SR

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART DEBTOR IN POSSESSION'S
MOTION FOR RECONSIDERATION OF ORDER
DENYING APPLICATION TO EMPLOY COUNSEL**

The Debtor filed its voluntary chapter 11 petition on August 9, 2004 (doc 1). A day later Debtor filed its Motion to Employ Counsel ("Motion to Employ") seeking approval of its hiring of the Behles Law Firm, P.C. ("Firm", whose principal is Jennie Deden Behles – "Senior Counsel") (doc 5), accompanied by the Rule 2016 disclosure of compensation (doc 4). No verified rule 2014 statement was filed at that time. The Court entered an interim order approving the employment of the Firm and a billing rate of $200 per hour for Senior Counsel and taking under advisement the request for $250 per hour. Doc 38. The order approving the employment contained the Court's standard provision requiring the Firm to make a separate showing of its entitlement to an hourly rate of more than $200 per hour. Subsequently, on April 1, 2005 the Court entered an order and supporting memorandum opinion setting aside the employment order and denying the request for the $250 rate, and detailing the reasons therefor. Docs 85 and 87 respectively. The Court "unemployed" the Firm as the attorney for the Debtor because of the Court discovered the Firm's failure

to file a Rule 2014 statement.[1]  The Court, assuming the Firm would be again employed, also limited Senior Counsel's rate to $200 per hour based on the evidence of market rates and Senior Counsel's performance in this and other cases, and required modifications to the Firm's employment agreement with the Debtor.

The Debtor promptly filed its Motion for New Trial (Reconsideration of) April 1, 2005 Order and Memorandum to the Honorable James S. Starzynski on the Motion to Employ Counsel, the Behles Law Firm, P.C. (Doc 97) ("Attorney Reconsideration Motion"), as well as motions requesting reconsideration of other orders.  On the same date Debtor filed its Request for Disqualification of Bankruptcy Judge in Proceeding or Proceedings ("Disqualification Request") (doc 98).  Having now denied the Disqualification Request, the Court will grant a portion of the relief requested in the Attorney Reconsideration Motion.

The Attorney Reconsideration Motion argues several points, several of which appear to repeat themselves:
(1) the Debtor (or the Firm) had no notice that the Court would rule on the absence of a verified Rule 2014 statement and should have been given the opportunity to do so before the Court ruled, and in any event the Firm substantively complied with the

---

[1] Although Senior Counsel promptly filed the Rule 2014 affidavit (doc 88), the Firm has yet to submit an order (re)employing the Firm, as provided for by decretal paragraph 3 et seq. of the order "unemploying" the Firm.  Doc 85.

Page -2-

requirements of the filing of a Rule 2014 statement; (2) the Court erred in not allowing the higher rate of compensation for Senior Counsel because the Court relied in part on its erroneous rulings denying the Debtor's motions for extension of exclusivity and hiring an accountant; (3) the evidence relied on by the Court in part in making its decision on rates was compiled by the Court on its own ("Case Data"[2]) and the Firm had no opportunity to contest it; (4) the Court improperly refused to consider the evidence contained in the affidavits submitted by the Firm in support of the higher rate and required evidence of non-bankruptcy rates; (5) the Debtor was not given the opportunity to contest the Case Data or demonstrate its inapplicability to the Firm's situation; (6) the Court improperly relied on and misinterpreted the published cases concerning Senior Counsel; (7) the Court improperly struck affidavits providing evidence on issues such as skill, reputation, experience, credit risk, etc., (8) the Court improperly took into account its rulings on the employment of the accountant and the extension of exclusivity, (9) the Court ignored the expert attorneys' opinions, and (10) the Court incorrectly analyzed the "credit risk" issue.

The Court will allow the Debtor to address (or readdress) all the legal and factual issues it wishes, in accordance with

---

[2] What the Court is calling the Case Data is identified by the Debtor as "Survey Evidence" in the Attorney Reconsideration Motion.

the following:

1.  The Court finds the proposition that the Firm need not file a Rule 2014 statement at all rather novel, but if the Firm wishes to argue that point or something similar to it again, it may do so.  In the course of addressing that issue, the Firm also needs to address the statement on page 10 of the Attorney Reconsideration Motion: "Counsel, because of the necessity of making the emergency filing determined to comply with 11 U.S.C. § 327 and Rule 2-014 [sic] in the most expeditious manner it could for the benefit of the Debtor, the Debtor's estate, and the Debtor's creditors.  This involved combining pleadings under a reasonable interpretation of the statute and the rules in one pleading, and making only one statement, that there was compliance in regard to the relationship provisions of 11 U.S.C. § 327."  The Court reads these sentences to be Senior Counsel's statement that she intended the Motion to Employ and its contents to function also as the equivalent of the Rule 2014 statement and did not intend to file a separate Rule 2014 statement.  These sentences would seem to contradict the language of the employment order, presumably drafted by Senior Counsel, that recites in part that "...the Motion [to Employ Attorneys] was filed on August 10, 2004, as was the Disclosure Statement and Affidavit pursuant to Rules 2014

Page -4-

Case 04-15755-s11    Doc 242    Filed 02/09/06    Entered 02/09/06 12:16:00 Page 5 of 9

and 2016." Doc 38.

2. The Firm may again argue the issue of the quality of the Firm's work in this case as part of the Court's decision-making process.

3. The Firm is correct that it did not have the opportunity, practically speaking, to address the Case Data; the Firm may address that data, and the Court will take into account any argument or supplemental or corrective data that the Firm may produce.

4. The Court did not refuse to consider any of the affidavits submitted by the Firm, and will again consider the affidavits in ruling on the Firm's further evidence and argument.

5. The Court will give the Firm the opportunity to respond to the Case Data (see no. 3 above).

6. The Court will allow the Firm to reargue the issue of published cases concerning Senior Counsel's work in other cases (or repeat the text of its arguments in another brief) if it wishes.

7. The Court clearly did not strike any affidavits submitted by the Firm, and will consider the affidavits in ruling on the Firm's further evidence and argument (see no. 4 above).

8. The Firm may again argue the issue of the Firm's work in this case (see no. 2 above).

9.  The Court did not ignore the attorneys' opinions of Senior Counsel, and will consider the affidavits in ruling on the Firm's further evidence and argument (see nos. 4 and 7 above).

10. The Firm may argue the "credit risk" issue again.

It would be useful to the Court and any other party reviewing the file for the Firm to put into a single brief all the issues that it wants to argue or reargue. The Firm may, through word processing technology, insert portions from previous briefs into the single brief contemplated by this order.

IT IS THEREFORE ORDERED as follows:

1.  Within ten (10) days of the entry of this order, the Firm shall submit the (re)employment order required by the order (doc 85) setting aside the original employment order. If the Firm fails to submit such an order timely to the Court for its approval and entry, the Court will not allow the employment of the Firm retroactive to March 1, 2005.

2.  The Motion for New Trial (Reconsideration of) April 1, 2005 Order and Memorandum to the Honorable James S. Starzynski on the Motion to Employ Counsel, the Behles Law Firm, P.C. (Doc 97) ("Attorney Reconsideration Motion") is granted in the sense that the Firm may file another brief arguing any issue concerning the Firm's employment, including at what rate Senior Counsel should be employed.

3. If the Firm wishes to continue to contest the ruling arising from the failure to file a Rule 2014 statement, the Firm must also address the statement on page 10 of the Attorney Reconsideration Motion, to confirm whether the Court's interpretation of the statement is correct, <u>viz.</u>, that the Motion to Employ and its contents was intended to function also as the equivalent of the Rule 2014 statement and that the Firm did not intend to file a separate Rule 2014 statement.

4. The Firm need not and may not refile any affidavits already on file. However, if the Firm wishes to file <u>additional</u> affidavits or other information, it may do so.

5. The Firm's brief and any additional affidavits or information shall be submitted for filing no later than twenty (20) days from the date of the entry of this order.

6. Should the office of the United States Trustee (or, for that matter, any other party in interest in this case) wish to join in the briefing in support of any position whatever, it may do so, but must also submit any brief or position statement within twenty (20) days from the date of the entry of this order.

/s/ James S. Starzynski
Honorable James S. Starzynski
United States Bankruptcy Judge

Page -7-

I hereby certify that on February 9, 2006, a true and correct
copy of the foregoing was electronically transmitted, faxed,
delivered, or mailed to the listed counsel and/or parties.

Jennie D Behles
PO Box 7070
Albuquerque, NM 87194-7070

Alice Nystel Page
PO Box 608
Albuquerque, NM 87103-0608

Michael Newell
PO Box 1599
Lovington, NM 88260-1599

Rod M Schumacher
PO Box 700
Roswell, NM 88202-0700

Stephen Stuart Shanor
PO Box 700
Roswell, NM 88202-0700

Michael R Enright
280 Trumbull St
Hartford, CT 06103-3509

*James E. Burke*